# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| GENE C. LUKEN,<br><br>        Plaintiff,<br>vs.<br><br>TINA MARIE EDWARDS, formerly known as TINA MARIE LUKEN,<br><br>        Defendant. | No. C 10-4097-MWB<br><br>ORDER REGARDING DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND MOTION FOR NEW TRIAL |

_____

## I.   INTRODUCTION

This case is before me on Defendant Tina Marie Edwards's ("Edwards") Renewed Motion for Judgment as a Matter of Law and Motion for New Trial (docket no. 64), filed on November 23, 2012. Plaintiff Gene C. Luken ("Luken") filed his Resistance on December 3, 2012. Docket no. 65.

On October 3, 2012, after a two-day jury trial, the jury returned a verdict in favor of Luken, finding that Edwards violated Title III of the Omnibus Crime Control and Safe Streets Act of 1968, as amended by the Electronic Communications Privacy Act of 1986, 18 U.S.C. §§ 2510–2520 ("Title III"). At the close of Luken's case-in-chief, and at the close of all the evidence, Edwards moved for judgment as a matter of law. I denied the motion, determining that there was sufficient evidence upon which a jury could find for Luken. On October 26, 2012, I awarded statutory damages, punitive damages, and attorney's fees in favor of Luken, and the Clerk of Court entered judgment in favor of Luken.

## II.   RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

Edwards requests that I enter a judgment as a matter of law in her favor pursuant to Rule 50(b) of the Federal Rules of Civil Procedure. Rule 50(b) provides that a court may only grant a motion for judgment as a matter of law "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). The standard for judgment as a matter of law is exacting, as "[a] jury verdict is entitled to extreme deference . . ." *Craig Outdoor Adver., Inc. v. Viacom Outdoor*, Inc., 528 F.3d 1001, 1009 (8th Cir. 2008). The Eighth Circuit Court of Appeals has explained that "'[t]his demanding standard reflects our concern that, if misused, judgment as a matter of law can invade the jury's rightful province.'" *Penford Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 662 F.3d 497, 503 (8th Cir. 2011) (quoting *Gardner v. Buerger*, 82 F.3d 248, 251 (8th Cir. 1996)). A court may not disturb the jury's verdict "unless, after viewing the evidence in the light most favorable to [the non-movant], [it] conclude[s] that no reasonable jury could have found in [the non-movant's] favor." *Heaton v. The Weitz Co., Inc.*, 534 F.3d 882, 887 (8th Cir. 2008) (citation and internal quotation marks omitted). In other words, a court "will not set aside a jury verdict unless there is a complete absence of probative facts to support the verdict." *Id.* (citation and internal quotation marks omitted). In evaluating whether the evidence was sufficient to support a verdict in Luken's favor, I must:

> (1) resolve direct factual conflicts in favor of [Luken], (2) assume as true all facts supporting [Luken] which the evidence tended to prove, (3) give [Luken] the benefit of all reasonable inferences, and (4) deny the motion if the evidence so viewed would allow reasonable jurors to differ as to the conclusions that could be drawn.

*See United Fire & Cas. Ins. Co. v. Garvey,* 419 F.3d 743, 746 (8th Cir.2005) (quoting *Pumps and Power Co. v. S. States Indus.*, 787 F.2d 1252, 1258 (8th Cir. 1986)). I

may not, however, "give [Luken] 'the benefit of unreasonable inferences, or those at war with the undisputed facts.'" *Id.* (quoting *City of Omaha Employees Betterment Ass'n v. City of Omaha,* 883 F.2d 650, 651 (8th Cir. 1989)).

Edwards argues that Luken failed to present sufficient evidence to support a jury finding in his favor. I find this argument unpersuasive. There was sufficient evidence presented at trial from which a reasonable jury could determine (1) Edwards intentionally intercepted Luken's communication with another person, (2) Luken had an expectation that his communication would not be intercepted, and (3) Luken's expectation was justified under the circumstances. I view the evidence in the light most favorable to Luken and resolve factual conflicts in his favor. *See United Fire*, 419, F.3d at 746.

Edwards contends that her journal and the remaining recordings do not show any violations of Title III. Luken examined Edwards's journal and testified that Edwards was not present for all of the conversations outlined in journal. Luken testified that he carefully checked the home before making confidential calls to make sure he was alone, but Edwards managed to learn of the conversations despite his efforts to keep them private. Therefore, a juror could reasonably infer that the journal chronicled conversations Luken had with others when Edwards was not present. Two of the recordings that Edwards made were presented at trial, and Luken testified that they included conversations in which he was recorded without Edwards's presence. Also, a jury could reasonably conclude that Edwards carefully selected the recordings to present at trial since she discovered two recordings survived during the pendency of this case and the remaining four recordings were allegedly thrown away by a third party.

Edwards argues that the testimony Luken presented, that of Nettie Allard ("Allard") and herself, fails to support his claims. Edwards discredits Allard's testimony, suggesting that her memory was not adequate to provide sufficient evidence. Allard explained that Edwards knew recording her husband was illegal, that Edwards

3

hid voice-activated recorders around the house, and that recordings were made almost daily for long periods of time. Allard's testimony was significant because she testified to the manner and extent of the recordings, even if she could not remember the details of the content. Regarding her own testimony, Edwards argues that she "provided no support for Luken's claims, but instead provided proof to establish her one party consent defense." Edwards's Brief at 5. Edwards testified that she recorded Luken almost daily and the recorders were always on her person, which conflicted with Allard's testimony that the recorders were hidden around the house. From Edwards's testimony about instances where she stored the recorders in the desk or on the bedside table, a juror could reasonably infer that the recorders were not always on her person. Edwards's testimony provides valuable evidence as to the extent and manner of the recordings.

Sufficient evidence, including the journal, recordings, and testimony, existed for the jury to find in Luken's favor. Therefore, I deny Edwards's motion for renewed judgment as a matter of law.

### III. MOTION FOR NEW TRIAL

In the alternative, Edwards requests that I grant a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. Rule 59(a) provides: "The court may, on motion, grant a new trial on all or some of the issues—and to any party— . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed. R. Civ. P. 59(a)(1)(A). Rule 59(a) has been explained as follows:

> In evaluating a motion for a new trial pursuant to Rule 59(a), "[t]he key question is whether a new trial should [be] granted to avoid a miscarriage of justice." *McKnight v. Johnson Controls, Inc.,* 36 F.3d 1396, 1400 (8th Cir. 1994). A new trial is appropriate when the trial, through a verdict against the weight of the evidence or legal errors at trial,

4

resulted in a miscarriage of justice. *White v. Pence,* 961 F.2d 776, 780 (8th Cir. 1992). However, legal errors must adversely and substantially impact the moving party's substantial rights to warrant relief. Fed. R. Civ. P. 61.

Consistent with the plain language of Rule 59(a), the court may grant a partial new trial solely on the issue of damages. Fed. R. Civ. P. 59(a)(1)(A); *see, e.g., Powell v. TPI Petro., Inc.,* 510 F.3d 818, 824–25 (8th Cir. 2007) (remanding for partial new trial on damages). For example, a partial new trial on the issue of damages is appropriate when the jury's verdict is so grossly inadequate as to shock the conscience or to constitute a plain injustice. *Taylor v. Howe,* 280 F.3d 1210, 1211 (8th Cir.2002); *First State Bank of Floodwood v. Jubie,* 86 F.3d 755, 759 (8th Cir. 1996). "Each case must be reviewed within the framework of its distinctive facts." *Wilmington v. J.I. Case Co.,* 793 F.2d 909, 922 (8th Cir. 1986) (citing *Hollins v. Powell,* 773 F.2d 191, 197 (8th Cir. 1985)).

"In determining whether or not to grant a new trial, a district judge is not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *King v. Davis,* 980 F.2d 1236, 1237 (8th Cir. 1992) (citing *White,* 961 F.2d at 780). "[T]he 'trial judge may not usurp the function of a jury . . . [which] weighs the evidence and credibility of witnesses.'" *White,* 961 F.2d at 780 (quoting *McGee v. S. Pemiscot Sch. Dist.,* 712 F.2d 339, 344 (8th Cir. 1983)). "Instead, a district judge must carefully weigh and balance the evidence and articulate reasons supporting the judge's view that a miscarriage of justice has occurred." *King,* 980 F.2d at 1237.

"The authority to grant a new trial . . . is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 36, 101 S. Ct. 188, 66 L.Ed.2d 193 (1980). On the issue of damages, the propriety of the amount of a verdict "is basically, and should be, a matter for the trial court which has had the benefit of hearing the testimony and of

> observing the demeanor of witnesses and which knows the community and its standards . . . ." *Wilmington,* 793 F.2d at 922 (quoting *Solomon Dehydrating Co. v. Guyton,* 294 F.2d 439, 447–48 (8th Cir. 1961)). "[T]he assessment of damages is especially within the jury's sound discretion when the jury must determine how to compensate an individual for an injury not easily calculable in economic terms." *Stafford [v. Neurological Med., Inc.],* 811 F.2d [470,] 475 [(8th Cir. 1987)]; *see also EEOC v. Convergys Customer Mgmt. Group, Inc.,* 491 F.3d 790, 798 (8th Cir. 2007) (same).

*McCabe v. Mais,* 602 F. Supp. 2d 1025, 1029-30 (N.D. Iowa 2008) (Reade, C.J.).

Edwards argues that the jury verdict in favor of Luken and determination that Edwards intentionally intercepted communications over a period of 490 days is against the great weight of the evidence. I disagree. There was sufficient evidence for the jury to determine that Edwards was not present for all of the recordings, based on the testimony of Luken and Allard, which was supported by the recordings and Edwards's journal. *See* discussion *supra* Part II. Edwards also argues that the jury's determination of 490 days of violations was not supported by evidence in the record and Luken failed to show specific instances of violations. Edwards testified that she was recording 5 times a week or 50 to 70 percent of the time from June 2008 to September 2009 prior to trial, and she was recording about 3 times per week during the period between trial and the decree from September 2009 to June 2010. Edwards explained that she did not know the exact number of days, so her numbers were averages or best estimates. The estimates and her description of the manner in which she conducted the recordings, as well as the testimony of Allard and Luken, provided the jury with sufficient evidence to make their determination. Since the parties agreed before trial that a jury would decide the number of days during which any violations occurred, the number of specific conversations was not at issue.

Edwards has not provided sufficient reasons to support her request for a new trial. Therefore, I deny Edwards's motion for new trial.

## IV. CONCLUSION

THEREFORE, Defendant's Renewed Motion For Judgment As A Matter Of Law And Motion For New Trial (docket no. 64) is **denied**.

**IT IS SO ORDERED**.

**DATED** this 14th day of December, 2012.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA